IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| Amanda Walker, individually and on behalf of all those similarly situated, | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action Number: 4: 17-cv-11 |
| v. | § § | Collective Action |
| | § | |
| Sam's Southern Eatery and Hay Tham, | § § | Jury Demanded |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Amanda Walker ("**Plaintiff**"), individually and on behalf of all others similarly situated ("**Class Members**"), brings this Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("**FLSA**") suit against the above-named Defendants and shows as follows:

1. **Parties.**

   1.1. Plaintiff is an individual residing in the Eastern District of Texas. In the three-year period preceding the filing of this action, Plaintiff was employed by Defendants within the meaning of the FLSA. Plaintiff's written consent to become a party is attached as Exhibit A.

   1.2. The Class Members are other wait staff individuals employed by Defendants and were not paid overtime as required by the FLSA.

   1.3. Sam's Southern Eatery ("**Sams**") is an entity engaged in commerce or the production of goods for commerce within the meaning of the FLSA and is obligated to ensure that all employees are paid in accordance with the FLSA.

1.4. Upon information and belief, Hay Tham ("**Tham**") is an individual and a Texas resident residing in the Eastern District of Texas.

## 2. Jurisdiction and Venue.

2.1. Venue of this action is proper in this district and division because the events giving rise to the cause of action alleged herein occurred in this division and judicial district. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

2.2. Defendants carry on substantial business in the Eastern District of Texas and have sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

2.3. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, as amended.

## 3. Coverage.

3.1. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

3.2. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

3.3. At all times hereinafter mentioned, Defendants have been an enterprise with the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

3.4. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaging in commerce or in the production of goods for commerce, or

employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). In conferring with Tham and Sams, Plaintiff and the Class Members utilize telecommunications equipment that is interstate in nature. Additionally, Plaintiffs use credit card machines that transmit information in interstate commerce.

3.5. Tham is considered an "employer" under the FLSA because of, among other things, his operational control over Sams.

3.6. Tham had authority to set corporate policy, participate in decisions regarding the payment of employees as well as participate in decisions regarding whether or not to pay Plaintiff overtime. In addition, Tham had operational control of significant aspects of Sams' day-to-day functions and independently exercised control over the work environment. Tham had direct involvement in the day-to-day operation of Sams and had some direct responsibility for the supervision of the employees. Tham set work schedules and made work assignments.

3.7. Tham: (1) possessed the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records.

3.8. Tham acted, directly or indirectly, in the interests of an employer in relation to Plaintiff and the Class Members.

3.9. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

3.10. Plaintiff was employed by Defendants within the applicable statute of limitations.

4. **Factual Allegations.**

   4.1. Sams is a restaurant in Paris, Texas. Sams did not pay Plaintiff the required minimum wage and/or overtime.

   4.2. Tham was the manager of the Sams in Paris, Texas, the location at which Plaintiff worked. Tham was responsible for all scheduling and compensation of employees. Tham determined how the Plaintiff would be compensated.

   4.3. Tham was responsible for keeping records of hours worked by the employees at Sams in Paris, Texas.

   4.4. Plaintiff was a full-time, nonexempt employee of Sams. Plaintiff's job duties included serving customers.

   4.5. Sams paid Plaintiff at a rate less than minimum wage. Sams is not entitled to a tip credit because it did not comply with the provisions of 29 U.S.C. § 203(m). Even if the tip credit applies Plaintiff was not paid minimum wage or overtime pay.

   4.6. The only compensation Plaintiff received was from tips.

   4.7. Plaintiff and the Class Members regularly worked in excess of 40 hours a week. Defendants did not pay Plaintiff, and similarly situated employees, minimum

wage or time-and-one-half their regular rate of pay for the hours that Plaintiff and similarly situated employees worked over 40 hours a week.

4.8. Defendants knowingly, willfully, and/or with reckless disregard carried out its illegal pattern and/or practice of failing to pay minimum wage and overtime compensation with respect to Plaintiff and the Class Members.

4.9. Plaintiff has retained the Law Office of Chris R. Miltenberger, PLLC to represent her in this litigation and has agreed to pay a reasonable fee for its services.

**5. Collective Action Allegations.**

5.1. Sams employs other individuals who perform job duties similar to Plaintiff. Sams pays these employees in the same way it paid Plaintiff, tips only.

5.2. Other employees have been victimized by this pattern, practice, and policy which are in willful violation of the FLSA. Other wait staff were paid in the same manner as Plaintiff, i.e., no overtime pay for hours worked in excess of 40 per workweek and less than minimum wage. The illegal practices or policies of Defendants have been uniformly imposed on the Class Members.

5.3. The Class Members performed job duties typically associated with non-exempt employees. Their duties were routine and did not require the exercise of independent judgment or discretion. Moreover, these employees regularly worked more than 40 hours in a workweek and were not paid one and one-half their regular rate of pay for hours worked in excess of 40 hours in a work week.

5.4. Accordingly, the employees victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

5.5. Defendants' failure to pay overtime compensation at the rates required by the FLSA or minimum wage is a result of generally applicable pay policies or practices and does not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members.

5.6. The specific job titles, precise job requirements or job locations of the various Class Members do not prevent collective treatment. All Class Members, regardless of their work location, precise job requirements or rates of pay, are entitled to be paid minimum wage and overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

5.7. Accordingly, the class of similarly situated plaintiffs is properly defined as:

    **5.7.1. All wait staff who worked for Sams at its Paris, Texas location who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks and/or who were not paid minimum wage.**

5.8. Plaintiff brings this action on behalf of similarly situated employees.

5.9. As a collective action, Plaintiff seeks this Court's appointment and\or designation as representative of a group of similarly situated individuals as defined herein.

6. **Cause of Action: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.**

6.1. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

6.2. During the relevant period, Defendants have violated the FLSA, 29 U.S.C. §§ 206, 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed and by not paying minimum wage.

6.3. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members.

6.4. Defendants did not act in good faith and/or have reasonable grounds for a belief that their actions did not violate the FLSA nor did they act in reliance upon any of the following in formulating their pay practices: (a) case law; (b) the FLSA, 29 U.S.C. § 201, et seq.; (c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Regulations.

7. **Jury Demand.**

7.1. Plaintiff demands a trial by jury herein.

8. **Relief Sought.**

8.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that she and all and all those who consent to be opt-in plaintiffs in this collective action recover jointly and severally from Defendants, the following:

8.1.1. An Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and appointing Plaintiff and her counsel to represent the Class Members;

8.1.2. An Order requiring Defendants to provide the names, addresses, telephone numbers and email addresses of all potential Class Members;

8.1.3. An Order approving the form and content of a notice to be sent to all potential Class Members advising them of the pendency of this litigation and of their rights with respect thereto;

8.1.4. Overtime compensation for all unpaid hours worked in excess of forty hours in any workweek at the rate of one-and-one-half times their regular rates;

8.1.5. Minimum wage;

8.1.6. All unpaid minimum and overtime wages;

8.1.7. An award of liquidated damages pursuant to 29 U.S.C § 216 as a result of the Defendants' failure to pay overtime compensation and/or minimum wage pursuant to the FLSA;

8.1.8. Reasonable attorney's fees, expert fees, costs, and expenses of this action as provided by the FLSA;

8.1.9. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

8.1.10. Such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

By: /s/ *Chris R. Miltenberger*
    Chris R. Miltenberger
    Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**

1340 N. White Chapel, Suite 100
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Designated as Lead Attorney

**Attorney for Plaintiff**